Raymond R. MARCHAND,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–1081A274.

Court of Appeals of Indiana,
Third District.

May 24, 1982.
Rehearing Denied August 10, 1982.

E. Nelson Chipman, Jr., Chipman, Humphrey & Chipman, Plymouth, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Raymond and Christina Marchand were married in 1970 and finally established residency in Nebraska. Four children were born of their marriage. On September 22, 1977 Christina and Raymond were granted a divorce by a Nebraska court. In the decree, Christina was granted custody of the children. On October 22, 1977 Christina and the children, with the permission of the Nebraska court, moved to Argos, Indiana. Subsequently, Raymond moved to Indiana to enable him to visit with his children.

In September of 1978 Raymond went to Argos to visit the children but found that the family had moved. He searched for the children through various school systems. In January of 1979 Raymond returned to Nebraska and petitioned the court which had granted their divorce for modification of the original divorce decree seeking a change of custody. A hearing was held, at which Christina was represented by counsel, and the petition was granted naming Raymond as the custodial parent.

Raymond was notified by the Argos school system that his children's records had been sent to Kentland, Indiana. He went to Kentland and found his four children, another child, two adults, and a dog living in a single motel room. Raymond went to the local law enforcement authorities. Temporary custody was awarded to Raymond. The Newton County Welfare Department and the Marshall County Welfare Department became involved and the children were made wards of the Newton County Circuit Court.

On October 24, 1979 the wardship was terminated and custody of the children was awarded to Christina. Raymond was present at the hearing but did not mention his Nebraska custody order. The Newton County custody determination was made after home studies of both parents had been conducted. Christina and the children once again established their residency in Argos and Raymond regularly exercised his right to visitation.

On January 6, 1980 Raymond picked up the four children for his regular visitation. The next day a friend of Raymond's returned three of the children to Christina. Raymond had taken the other child and returned to Nebraska. Raymond retained custody of the child in Nebraska until October 26, 1980, when the child was returned to Christina.

Raymond was convicted by a jury of criminal confinement, a Class D felony, and received a two year sentence, all of which was suspended except 180 days. Additionally, he was placed on probation for two years from the date of his release and fined $100 plus costs. As a condition of the probation, he is not to remove the children from the State of Indiana.

At trial, the state made a motion in limine, which was granted, requesting that counsel for Raymond refrain from mentioning any custody orders made by any courts prior to the custody order of the Newton Circuit Court dated October 22, 1979 for the reason that any prior order is irrelevant, immaterial and is res judicata. During trial, counsel for Raymond made an offer to prove and requested that the trial court allow the evidence of the Nebraska custody order to be presented to the jury. The trial court denied Raymond's request.

On appeal Raymond alleges that the trial court erred in refusing to allow him to admit the Nebraska custody order to show a lack of criminal intent.

■ Criminal confinement is defined as occurring when a person knowingly or intentionally removes another person, who is under eighteen years of age, to a place outside Indiana when the removal violates a child custody order of a court.[1] Raymond argues that because he was awarded custody of the children by the Nebraska court, he did not "knowingly" or "intentionally" violate the Newton County custody order.

■ At the outset it should be noted that admissibility of marginally relevant evidence is within the sound discretion of the trial court. *English Coal Co., Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302. Raymond has the burden of showing that the trial court abused its discretion in this instance.

■ The evidence is clear that Raymond knew of the Newton County custody order. He was a party at the hearing and the order of that court clearly states that custo-

dy of the wards shall be with their mother. Furthermore, Raymond testified at his criminal trial that he knew the Newton County court awarded his ex-wife custody of the children.

The criminal confinement statute is designed to proscribe self-help by unhappy non-custodial parents, which is exactly what happened in this instance. Raymond testified that he took the child to Nebraska because the children had been telling him the family was going to move again. Raymond did not challenge the Newton County custody order. He could have appealed that order or at least given evidence of his Nebraska order at that hearing, but he did not. He took it upon himself to take one of the children back to Nebraska.

Raymond was accused of violating the Newton County custody order. He does not challenge the Newton County order as being invalid. In fact, while arguing his motion to correct errors, counsel for Raymond stated that they were not trying to reverse the Indiana order.

The statute under which Marchand was charged, IC 35–42–3–3, stated in pertinent part,

"(a) A person who knowingly or intentionally,

\* \* \* \* \* \*

(3) Removes another person, who is under eighteen [18] years of age, to a place outside Indiana when the removal violates a child custody order of a court;

commits criminal confinement, a Class D felony . . . ."

IC 35–41–2–2 provides,

"(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so.

\* \* \* \* \* \*

---

1. IC 35–42–3–3(a)(3) (Burns 1979 Repl.)

(d) Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct."

Therefore, under the allegation in the charging information that Marchand acted intentionally, it was incumbent upon the state to show that it was his conscious objective to violate a child custody order of a court. While possibly not persuasive, and certainly not conclusive, the Nebraska custody order and Marchand's beliefs concerning it were relevant and material to the issue of whether it was Marchand's conscious objective to violate the order of the Newton Circuit Court. The prejudicial effect of such evidence was slight and it should have been admitted.

The error, however, was harmless. Under the information's allegation that Marchand acted "knowingly" it was necessary to establish only that he was aware of the high probability that he was violating the order of the Newton Circuit Court. While based upon the Nebraska order he might have subjectively not "intended" the violation, under the facts it is indisputable that he was aware of the high probability that he was violating a court order whether or not it was his conscious objective to do so.

■ Additionally, Raymond asserts that the criminal confinement statute is unconstitutional on the ground that it infringes upon the right to travel and denies equal protection in that it discriminates between residents and non-residents of Indiana. However, this argument surfaces for the first time in Raymond's appellate brief. The law is clear that to properly challenge the constitutionality of a statute defining the crime charged, the challenge must be made by a written motion to dismiss filed prior to the arraignment and plea. *Salrin v. State* (1981), Ind.App., 419 N.E.2d 1351. Thus, the argument is waived.

Having found no reversible error, we affirm the conviction.

Affirmed.

STATON, J., concurs.

HOFFMAN, P. J., concurs in result and files separate opinion.

HOFFMAN, Presiding Judge, concurring in result.

I concur in the result reached by the majority, but I cannot agree that it was error not to admit the evidence of the Nebraska custody order. Raymond was accused of violating the Newton County custody order. He was a party at that hearing, admits he knew his ex-wife was awarded custody of the children, and admits he took the child out of Indiana. The fact that he may have had half a dozen other valid custody orders has no effect on this specific offense. The Nebraska order is irrelevant to the offense with which Raymond was charged and the trial court did not err in excluding it.