**Ruth E. ERHARDT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 984 S 358.**

Supreme Court of Indiana.

Sept. 20, 1984.

Kenneth R. Scheibenberger, Lebamoff & Associates, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

## CRIMINAL PETITION FOR TRANSFER

GIVAN, Chief Justice.

Appellant, Ruth E. Erhardt, was convicted of Public Indecency, a class A misdemeanor. Ind.Code § 35–45–4–1.

The Court of Appeals reversed her conviction on the ground that there was a lack of evidence to sustain the judgment of the trial court, in that there was no showing her conduct was lewd although it was admitted that she was dancing in the nude under the definition of the statute. Judge Conover wrote a dissenting opinion in the Court of Appeals which is correct in every respect. The opinions of the Court of Appeals are reported at 463. N.E.2d 1121.

The pertinent part of the statute reads as follows:

"Sec. 1. (a) A person who knowingly or intentionally, in a public place: ...

(3) appears in a state of nudity; ... commits public indecency, a Class A misdemeanor.

"(b) 'Nudity' means the showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple, ...." Ind.Code § 35–45–4–1

The evidence presented by the State in the trial court is that appellant danced in the nude with her nipples covered by transparent tape and with her buttocks exposed. This evidence brings her conduct squarely within the prohibitions of the statute. This Court has previously held the statute to be constitutional. *State v. Basinger,* (1979) 272 Ind. 236, 397 N.E.2d 580 (Hunter and DeBruler, JJ., dissenting).

It is not for the Court of Appeals or this Court to say what is or is not lewd. That is the exclusive prerogative of the legislature. They have spoken through the statute. The appellant violated the statute. The conviction must stand.

The opinion of the Court of Appeals is set aside and the decision of the trial court is affirmed.

PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., dissents with separate opinion.

DeBRULER, J., dissents with separate opinion in which HUNTER, J., concurs.

HUNTER, Justice, dissenting.

I must respectfully dissent to the majority opinion in this case. I fully agree with Justice DeBruler that the general rule regarding the timing of a constitutional challenge of a statute defining a crime should be subject to an exception when the criminal statute is challenged as invalid upon its face.

This being the case, I conclude that a public indecency statute which prohibits nudity in any public place is unconstitutionally overbroad. My reasons for so conclud-

ing have already been articulated in *State v. Baysinger,* (1979) 272 Ind. 236, 397 N.E.2d 580 (Hunter and DeBruler, JJ., dissenting). Moreover, the position taken in dissent now finds firm support in *Schad v. Borough of Mount Ephraim,* (1981) 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671, where Justice White, for the Court, reasoned that nude dancing is entitled to some First Amendment protection (citing *Doran v. Salem Inn, Inc.,* (1975) 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648).

DeBRULER, Justice, dissenting.

The purposes served by restricting the constitutional challenge of a statute defining a crime, to the motion to dismiss and to a first adjudication at the trial level, are to grant the accused a fair opportunity to present the issue, and to provide the State with an ample opportunity to defend the statute, and to give the courts the best possible foundation for addressing so important an issue. As a general rule, I would agree with the Court of Appeals that the failure of the accused to raise this constitutional issue in a proper procedural mode in the trial court should result in the refusal of an appellate court to address the issue on its merits on appeal. *Cf.* Dissenting opinion of Judge Conover in this case and *Marchand v. State,* (1982) Ind.App., 435 N.E.2d 284 and *Salrin v. State,* (1981) Ind.App., 419 N.E.2d 1351. However, I could not agree that the issue has been waived in the sense that it has been permanently given up or relinquished. And the general rule should be subject to an exception when the criminal statute is challenged as invalid upon its face, for in such instance all of the aforementioned purposes served by the proper procedure would be satisfied. Such is the situation confronting the Court in the case at hand, and therefore it is perfectly legitimate for this Court to meet the constitutional issue.

One cannot study the opinion in *Schad v. Borough of Mount Ephraim,* (1981) 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671, without concluding that a majority of the U.S. Supreme Court holds to the opinion that nude dancing upon the stage of a theater, which dancing is not obscene, is protected against State restriction by the First Amendment. The case reinforces the position taken in dissent in *State v. Baysinger,* (1979) 272 Ind. 236, 397 N.E.2d 580, that the Indiana public indecency statute wherein it renders nudity in a public place a crime, is grossly overbroad as sweeping constitutionally protected conduct within its proscription, and is therefore unconstitutional on its face. Indeed, it is so overbroad as to be outside the reach of a narrowing judicial interpretation. Due respect for the legislative prerogative dictates invalidation of this part of the statute, and thus in effect a remand to the legislature to make plain through its own added language what societal problems it perceives to exist in this area at this point in history, and to draw the line between legitimate public nudity and criminal public nudity.

HUNTER, J., concurs.