**GLEN THEATRE, INC., an Indiana Corporation; Gayle Ann Marie Sutro; and Carla Johnson, Plaintiffs,**

v.

**CIVIL CITY OF SOUTH BEND; Charles Hurley, Chief of Police of the South Bend Police Department; Michael P. Barnes, Prosecutor of the County of St. Joseph, Indiana; and Linley E. Pearson, Attorney General of the State of Indiana, Defendants.**

No. S 85–353.

United States District Court,
N.D. Indiana,
South Bend Division.

July 26, 1985.

Charles A. Asher, South Bend, Ind., Lee J. Klein, Okemos, Mich., for plaintiffs.

Robert C. Rosenfeld, Deputy City Atty., William E. Daily, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case challenges the constitutionality of Indiana's public indecency statute, I.C. § 35–45–4–1. In their complaint, the plaintiffs seek preliminary and permanent injunctive relief restraining the defendants and their agents, servants and employees from further arrests or prosecutions or threats of arrests or prosecutions under I.C. § 35–45–4–1 in the factual context of this case. They are also seeking a declaratory judgment declaring I.C. § 35–45–4–1 to be facially unconstitutional or in the alternative, that the application and threatened application of the statute to plaintiffs' proposed nude or semi-nude appearance at the Chippewa Bookstore is unconstitutional. The plaintiffs filed a Motion for Preliminary Injunction with a supporting brief. A hearing on the preliminary injunction was held on July 1, 1985. All parties were given an opportunity to brief the issues and submit appropriate affidavits, which they have done. This memorandum and order constitutes the findings of fact and conclusions of law thereon as required by Rule 52 of the Federal Rules of Civil Procedure.

### I.

### FINDINGS OF FACT

Plaintiff Glen Theatre, Inc. is an Indiana corporation with its business located in Indiana. Its primary business is supplying so-called adult entertainment through written and printed materials, movie showings and live entertainment at a fully enclosed bookstore at 500 West Chippewa Avenue, South Bend, St. Joseph County, Indiana called the Chippewa Bookstore. The live entertainment at the Chippewa Bookstore consists of nude and semi-nude performances and showings of the female body through glass panels. The customers would sit in a booth and insert coins in a timing mechanism that permitted them to observe the live nude and semi-nude dancers for a period of time. This live entertainment is offered to fee-paying consenting adults over the age of 18 and no accidental viewing by any non-consenting person of the live nude and semi-nude entertainment is possible. No alcoholic beverages are sold, consumed or allowed on the Chippewa Bookstore premises. Glen Theatre, Inc. has offered and wishes to continue to offer to the interested adult public live nude and semi-nude showings.

In a period of about two years from March 1983 to March 1985, there were approximately eleven arrests of individuals at the Chippewa Bookstore for violations of I.C. § 35–45–4–1(a) for appearing in a state of nudity. All those who have been arrested have been prosecuted and at least five of those persons have been convicted of violating the Indiana public indecency statute and have unsuccessfully appealed their conviction to the Indiana Court of Appeals and Indiana Supreme Court. The latest arrests occurred on March 27, 1985 at which time two females were arrested by the South Bend Police Department and charged by the prosecuting attorney with violating I.C. § 35–45–4–1. None of the plaintiffs in this case are the subject of criminal charges pertaining to the issues in this case.

As a result of the raids of March 27, 1985, the Chippewa Bookstore has discontinued the showing of any live nude entertainment. Glen Theatre, Inc. had scheduled Gayle Ann Marie Sutro (Sutro) to perform a nude dance production throughout the summer and fall of 1985 in conjunction with a South Bend area showing of one of her motion picture films at the Chippewa Drive–In. Sutro is a professional actress, stunt woman and ecdysiast and has studied

acting, dancing, speech and language. She has danced, modeled and acted professionally for more than fifteen years and is a current member in good standing of the Screen Actors Guild, the Screen Extras Guild and AFTRA. In her affidavit, Sutro stated that her nude dances are appropriately choreographed and are an attempt to communicate as well as to entertain.

Timothy J. Corbett, a sergeant with the South Bend Police Department and stationed in the South Sector of South Bend where all arrests at Chippewa Bookstore have occurred, stated in his affidavit that no arrests have ever been made for nudity as part of a play or ballet.

## II.

## CONCLUSIONS OF LAW

### A. JURISDICTION, STANDING AND ABSTENTION

■ This court has jurisdiction over the parties and the subject matter of this action under 28 U.S.C. § 1343(a)(3) and venue is proper under 28 U.S.C. § 1391(b). The plaintiffs have standing to challenge the constitutionality of the Indiana public indecency statute. *See Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). They do not need to expose themselves to actual prosecution to present a justiciable controversy—the fear of prosecution, if reasonable is sufficient. *See Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) and *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). The number of arrests and prosecutions, including those resulting from the raid on March 17, 1985, of individuals at the Chippewa Bookstore for violations of I.C. § 35–45–4–1 is a sufficient basis for a reasonable fear of prosecution to confer standing. Further, there are no grounds for this court to abstain from considering this case. None of the plaintiffs in this action are the subject of pending criminal prosecutions so abstention is not appropriate under the abstention theory described in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). Nor do the facts of this case require abstention under the abstention theories described in *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) or *Colorado River Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Accordingly, this court must proceed to determine the merits of plaintiffs' request for preliminary injunctive relief.

### B. PRELIMINARY INJUNCTION

■ The issuance of a preliminary injunction is an extraordinary remedy and involves the exercise of a far reaching power. Therefore, it should not be used except in a case clearly warranting it and will not be available unless the plaintiffs carry their burden of persuasion as to all the prerequisites. *See, e.g., Godinez v. Lane*, 733 F.2d 1250, 1257 (7th Cir.1984); *Shaffer v. Globe Protection, Inc.*, 721 F.2d 1121, 1123 (7th Cir.1983). To be entitled to preliminary injunctive relief, the plaintiffs must establish that (1) they have no adequate remedy at law or will be irreparably harmed if the preliminary injunction does not issue; (2) the threatened injury to the plaintiffs outweighs the threatened harm the preliminary injunction may inflict upon the defendants; (3) the plaintiffs have a reasonable likelihood of success on the merits; and (4) the granting of the preliminary injunction will not disserve the public interest. *See, e.g., Palmer v. City of Chicago*, 755 F.2d 560, 576 (7th Cir.1985); *Roland Machine Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 383 (7th Cir.1984); *Technical Publishing Co. v. Lebhar–Friedman, Inc.*, 729 F.2d 1136, 1138–39 (7th Cir.1984). In considering each of these four factors, the court must weigh carefully the interests of both sides. *Palmer v. City of Chicago*, 755 F.2d at 577; *see Doran v. Salem Inn Inc.*, 422 U.S. 922, 931, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975).

### 1. *Likelihood of Success on Merits*

The Indiana public indecency statute provides in pertinent part as follows:

(a). A person who knowingly or intentionally, in a public place:

\* \* \* \* \* \*

(3) appears in a state of nudity;

\* \* \* \* \* \*

commits public indecency, a Class A misdemeanor.

(b) "Nudity" means the showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple, or the showing of covered male genitals in a discernibly turgid state.

\* \* \* \* \* \*

I.C. § 35-45-4-1.[1] The plaintiffs in this case allege that this statute is unconstitutional on its face because it is overbroad and infringes upon their rights and the rights of others under the First Amendment of the Constitution of the United States.[2] The defendants maintain that the statute is facially directed only to conduct not expression, and has been limited by Indiana's court to exclude application to protected expression and can therefore withstand a constitutional attack.

A demonstrably overbroad statute may deter the legitimate exercise of First Amendment rights and when a plaintiff's claim is rooted in those rights, he is entitled to rely upon the impact of the statute on the expressive activities of others as well as his own in challenging a statute on overbreadth grounds. See, e.g., Schad v. Mount Ephraim, 452 U.S. 61, 66, 101 S.Ct. 2176, 2181, 68 L.Ed.2d 671 (1981);

Grayned v. City of Rockford, 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222 (1972). However, a court must proceed with caution and restraint when considering a facial challenge to a statute so as to not unnecessarily interfere with a state's laws. In accommodating these competing interests, a court should not deem a state statute facially invalid unless it is not readily subject to a narrowing construction by the state courts and its deterrent effect on legitimate expression is both real and substantial. Ergnoznik v. City of Jacksonville, 422 U.S. 205 at 216, 95 S.Ct. 2268, 2277, 45 L.Ed.2d 125 (1975); see Dombroski v. Pfister, 380 U.S. 479, 489-90, 85 S.Ct. 1116, 1122-23, 14 L.Ed.2d 22 (1965); Broadrick v. Oklahoma, 413 U.S. 601, 612-15, 93 S.Ct. 2908, 2915-18, 37 L.Ed.2d 830 (1975); Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1972).

The plain language of Indiana's public indecency statute clearly indicates its applicability to all nude appearances in a public place, at any time, in any manner, for any purpose. It is not limited to nude dancing, the activity in question in this case, nor is it limited by or in any way connected to obscene nudity.[3] Rather, it imposes sanctions on all individuals who appear nude in any public place without any limitations.

Nudity alone does not place otherwise protected material outside the guarantee of the First Amendment. Schad v. Mount Ephraim, 452 U.S. 61, 66, 101 S.Ct. 2176, 2181, 68 L.Ed.2d 671 (1981); Jenkins v. Georgia, 418 U.S. 153, 161, 94 S.Ct. 2750, 2755, 41 L.Ed.2d 642 (1974); Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 546,

1. The plaintiffs in this case are challenging the constitutionality of I.C. § 35-45-4-1 in its entirety. Counsel for plaintiffs admitted at the hearing on the preliminary injunction that the conduct described in subsections (a)(1) and (2) were not involved in this case and that he was uncertain with respect to the conduct described in subsection (a)(4). There is no reference in this case to subsection (c) of the statute. Accordingly, the main thrust of plaintiffs' challenge is aimed at I.C. § 35-45-4-1(a)(3) and the court will focus on that subsection for purposes of the preliminary injunction. At such time as the court is required to rule on the merits of this case, its opinion will comport with the applicable law on the issue of invalidation and sever-

ability. See Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985).

2. The plaintiffs also allege that the application of the statute to their conduct is unconstitutional. Since this court finds a likelihood of success on plaintiffs' claim of facial unconstitutionality, it will not address this claim for purposes of the preliminary injunction.

3. This case is only addressed to non-obscene nude and semi-nude dancing. No issue has been raised with respect to obscenity and I.C. § 35-30-10.1-1 et seq.

95 S.Ct. 1239, 43 L.Ed.2d 448 (1975); *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 211–13, 95 S.Ct. 2268, 2273–75, 45 L.Ed.2d 125 (1975). Thus, an entertainment program may not be prohibited solely because it displays the nude human figure. "Entertainment, as well as political and ideological speech, is protected; motion pictures, programs broadcast by radio and television, and live entertainment, such as musical and dramatic works, fall within the First Amendment guarantee." *Schad v. Mount Ephraim,* 452 U.S. at 65, 101 S.Ct. at 2180; *see Joseph Burstyn v. Wilson,* 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1098 (1952); *Schacht v. United States,* 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); *Jenkins v. Georgia, supra; Southeastern Promotions, Ltd. v. Conrad, supra; Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). Furthermore, nude dancing is not without its First Amendment protections from official regulation. *Doran v. Salem Inn, Inc., supra; Southeastern Promotions, Ltd. v. Conrad, supra; California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).

The broad language of I.C. § 35–45–4–1 clearly may have a real and substantial determent effect on legitimate expression. By its terms, it empowers law enforcement officials to arrest and prosecute a nude woman dancer or actress in a professional stage production, a model posing nude for art classes at a university, or a nude woman engaged in a public meeting the purpose of which is to educate and encourage infant breast feeding or self-examination for breast cancer. These activities are afforded the broadest First Amendment protection but may be made illegal under this statute. Likewise, the statute is not readily subject to a narrowing construction by the state courts in a proper exercise of their judicial power. In *State v. Baysinger,* 272 Ind. 236, 397 N.E.2d 580 (1980), the Indiana Supreme Court addressed the constitutionality of I.C. § 35–45–4–1 and found it constitutional. In its opinion, the court stated:

> Under our statutes and case law, public nudity itself, regardless of a showing of obscenity, and without requiring proof of obscenity, is conduct which traditionally has been held to be public indecency, which is in the power of the legislature to prohibit. There is no right to appear nude in public. Rather, it may be constitutionally required to tolerate or to allow some nudity as a part of some larger form of expression meriting protection, when the communication of ideas is involved.

397 N.E.2d at 587. This language indicates that the Indiana Supreme Court recognizes that public nudity, at least in some circumstances, is constitutionally protected. The opinion appears to limit that protection to instances when the communication of ideas is involved in a larger form of expression but does not identify, describe or articulate what such activity encompasses. Rather, it merely found that appearing nude or dancing in the nude in bars was conduct and not entitled to protection. The opinion of the Supreme Court of the United States in *Schad v. Mount Ephraim,* decided subsequently to *State v. Baysinger,* indicates that entertainment, including, non-obscene nude dancing, is entitled to some First Amendment protection. Further, the opinions of the Indiana courts subsequent to *State v. Baysinger* have not narrowed the construction of I.C. § 35–45–4–1. *See Erhardt v. State,* —— Ind. ——, 468 N.E.2d 224 (1984); *Adams v. State,* —— Ind.App. ——, 461 N.E.2d 740 (1984). Accordingly, this court finds that plaintiffs have shown that they have a reasonable likelihood of success on the merits of their claim that I.C. § 35–45–4–1(a)(3) is unconstitutional.

### 2. *Irreparable Harm/Adequate Remedy at Law*

The second factor plaintiffs must establish to be entitled to injunctive relief is that they have no adequate remedy at law or will be irreparably harmed if the injunction does not issue. The Supreme Court of the United States has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable harm." *Elrod v. Burns,* 427 U.S. 347, 374, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976). Further, the chilling effect on a plaintiff's First Amendment

rights from the threat of sanctions even without the actual imposition of sanctions raises a presumption of deprivation of First Amendment rights which fulfills the required showing of irreparable harm. *O'Brien v. Town of Caledonia,* 748 F.2d 403, 409 (7th Cir.1984); *Schnell v. Chicago,* 407 F.2d 1084, 1086 (7th Cir.1969); *see N.A.A.C.P. v. Button,* 371 U.S. 415, 433, 83 S.Ct. 328, 338, 9 L.Ed.2d 405 (1963); *Citizens for A Better Environment v. City of Park Ridge,* 567 F.2d 689, 691 (7th Cir. 1975).

In this case, the threat of arrest and prosecution for violating I.C. § 35–45–4–1 may have had a chilling effect on plaintiffs' First Amendment rights. Live nude dancing has ceased at the Chippewa Bookstore, including the scheduled performance of Gayle Ann Marie Sutro, because of the fear of prosecution. Accordingly, the plaintiffs have shown irreparable harm.

### 3. *Balance of Harm*

The third factor, balance of harm, requires consideration of the defendants' interest in enforcing the statute. The legislative intent in prohibiting public indecency is to protect a non-consenting viewer from being exposed to a spectacle he or she may find repugant. *See Lasko v. State,* —— Ind.App. ——, 409 N.E.2d 1124, 1128 (1980). In the factual context of this case, the possibility of a non-consenting individual observing the nude dancing at Chippewa Bookstore is extremely remote. The nude dancing takes place in a fully enclosed opaque building and can be observed only by entering the mini-booths, and depositing money in a timing mechanism. The legislative intent would therefore not be undermined nor ignored by an injunction restraining arrest and prosecution of individuals under I.C. § 35–45–4–1(a)(3) in the factual context of this case. Further, in light of the probable unconstitutional overbreadth of I.C. § 35–45–4–1(a)(3), it would not greatly harm the defendants to be restrained from enforcing that specific provision in the factual context of this case. On the other hand, the chilling of plaintiffs' First Amendment rights is causing irreparable harm. The balance of harm favors the plaintiffs.

### 4. *Public Interest*

In the context of a First Amendment case, some consideration of this factor is implicit in addressing the likelihood of success on the merits. The public has a strong interest in the vindication of an individual's constitutional rights. Furthermore, as indicated in the preceding section of this opinion, the intent of the legislature in enacting the public indecency statute would not be undermined by enjoining the defendants from enforcing I.C. § 35–45–4–1(a)(3) in the limited factual context of this case. Accordingly, the plaintiffs have made the requisite showing of this factor.

### III.

### ORDER

For the foregoing reasons, plaintiffs' Motion for a Preliminary Injunction is GRANTED. The defendants are hereby enjoined until further order of this court from enforcing I.C. § 35–45–4–1(a)(3), by way of arrest, prosecution or otherwise, against any live nude or semi-nude entertainment at the Chippewa Bookstore as performed by plaintiff Gayle Ann Marie Sutro or plaintiff Carla Johnson. SO ORDERED.