**James W. PAYNE, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 484S118.**

Supreme Court of Indiana.

Oct. 25, 1985.

Stephen C. Haas, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial, Defendant (Appellant) was convicted of one count of robbery, a class C felony, Ind.Code § 35–42–5–1 (Burns 1983 Cum.Supp.), and one count of robbery resulting in bodily injury, a class A felony, Ind.Code § 35–42–5–1 (Burns 1983 Cum.Supp.), and was sentenced to concurrent terms of five (5) years and thirty (30) years imprisonment respectively. Although Defendant's brief initially

phrases the issues in terms of challenging both convictions, the brief otherwise only discusses the class A felony conviction. Accordingly, in this direct appeal, we review only Defendant's challenge to the class A felony conviction, which presents the following three (3) issues:

1. Whether the Indiana statute defining "bodily injury" is unconstitutionally vague;

2. Whether the evidence was sufficient to demonstrate that Defendant inflicted "bodily injury" upon the victim;

3. Whether the presumptive 30-year sentence for the class A felony conviction constitutes cruel and unusual punishment in this case.

We affirm the conviction and sentence.

The record reveals that Defendant approached two men at a convenience store parking lot in Evansville. Although Defendant did not use a deadly weapon he struck both men and took a small amount of money and other items. Other facts are stated below.

## ISSUE I

Defendant claims that the Indiana robbery statute is unconstitutionally vague insofar as it incorporates the definition of "bodily injury" provided by Ind.Code § 35–41–1–2 (Burns 1979 Repl. now codified at Ind.Code § 35–41–1–4 [Burns 1985 Repl.]). We initially note that Defendant has not properly preserved this contention.

Ind.Code § 35–34–1–6(a)(3) (Burns 1983 Cum.Supp.) (retained in current Code) provided that a defendant may challenge the Constitutionality of a criminal statute invoked against him by filing a motion to dismiss. However, Ind.Code § 35–34–1–4(b) (Burns 1983 Cum.Supp.) required such challenges to be raised against a felony charge within 20 days of the omnibus hearing date. Our review of the record discloses no such motion having been filed in this case. Generally, the failure to file a proper motion to dismiss raising the Constitutional challenge waives the issue on appeal. *See, Newton v. State* (1983), Ind. App., 456 N.E.2d 736, 739; *Marchand v.*

*State* (1982), Ind.App., 435 N.E.2d 284, 287 (*trans. denied*); *Salrin v. State* (1981), Ind.App., 419 N.E.2d 1351, 1354; *but see, Erhardt v. State* (1984), Ind., 468 N.E.2d 224, 226 (DeBruler and Hunter, JJ., dissenting).

Nevertheless, particularly in view of the fact that the State has not raised the waiver issue, we have decided to consider the merits of the contention in this case. "Bodily injury" is defined by Ind.Code § 35–41–1–2 (Burns 1979 Repl.) as "any impairment of physical condition, including physical pain."

A statute will not be found unconstitutionally vague if the language is sufficiently definite to inform a person of common intelligence of the conduct which is prohibited. *See, Wilson v. State* (1984), Ind., 468 N.E.2d 1375, 1377; *McNeely v. State* (1979), 181 Ind.App. 238, 240–41, 391 N.E.2d 838, 840 (*trans. denied*). Accordingly, this Court rejected essentially the same contention Defendant makes here in *Rogers v. State* (1979), 272 Ind. 65–70, 396 N.E.2d 348, 350, where we stated:

"We can think of no phenomenon of more common experience and understanding than the concepts of 'bodily injury' and 'physical pain.' Likewise, we do not find the concept of 'impairment of physical condition' to be so esoteric as to avoid a consensus of meaning among persons of common intelligence."

Defendant presents no persuasive reason for us to change these conclusions in this case.

## ISSUE II

Defendant argues that the evidence was not sufficient to establish that he committed "bodily injury" as defined by Ind. Code § 35–41–1–2. We do not agree.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the

verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (Citations omitted.)

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

In this case the evidence most favorable to the State showed that Defendant, after he had robbed the first victim, approached one Claude Young and demanded his "change, watch and wallet." He struck Mr. Young in the face, took some change and his watch, then fled. The blow bruised Mr. Young's face and his jaw was sore for several days. This evidence established that Mr. Young suffered physical pain, and therefore that Defendant committed a class A felony robbery under Ind.Code § 35–42–5–1.

### ISSUE III

Defendant finally argues that the trial court's sentence of thirty (30) years imprisonment, the presumptive sentence for a class A felony, see Ind.Code § 35–50–2–4 (Burns 1979 Repl.), constitutes cruel and unusual punishment in light of the comparatively minor injuries suffered by Mr. Young. We do not agree.

██ Essentially this same contention was also rejected in *Rogers*, a case presenting analogous facts, where we emphasized that a penalty will not be set aside because it seems severe:

" 'It is only where a criminal penalty is not graduated and proportioned to the nature of an offense, or where it is grossly and unquestionably excessive that this provision of the Constitution is intended to apply.' "

*Rogers*, 272 Ind. at 68–69, 396 N.E.2d at 351, *quoting Hollars v. State* (1972), 259 Ind. 229, 236, 286 N.E.2d 166, 170. The primary purposes of statutorily enhanced penalties for robbery resulting in bodily injury include deterring those who would commit robbery from in any way harming their victims, and protecting society from those persons who demonstrate the propensity to harm the victims of their crimes.

These policy considerations are entirely appropriate for legislative enactments establishing the sentences for serious crimes. We are not persuaded to change our conclusions expressed in *Rogers*, and find no merit to Defendant's contention that the 30-year presumptive sentence for robbery resulting in "bodily injury" violates the cruel and unusual punishments clauses of the State and federal constitutions.

Defendant's contention is more appropriately evaluated as a consideration of whether the trial court abused its substantial discretion in sentencing by declining to reduce or suspend the sentence in this case. Our consideration is governed by Rule 2 of the Ind.Rules for the Appellate Review of Sentences:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. (2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

██ In this case the record reveals that Defendant has a lengthy criminal history and that Mr. Young was but one of two victims upon whom Defendant committed physical attacks in the course of robbing them. We cannot conclude that the 30-year presumptive sentence is manifestly unreasonable in light of the nature of the offense and Defendant's character.

The convictions and sentences are affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, J., not participating.