Cristian PONCIANO, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0507–CR–657.

Court of Appeals of Indiana.

July 13, 2006.

Michael G. Moore, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Cristian Ponciano appeals his conviction of criminal recklessness, a Class C felony.[1] We affirm.

Ponciano raises two issues for our review, which we restate as:

I. Whether Ponciano's conviction violates equal protection because Ind. Code § 35–42–2–2(c)(3) requires a disproportionate penalty for criminal recklessness when the defendant fires a gun from a vehicle.

II. Whether Ind.Code § 35–42–2–2(c)(3) is unconstitutionally vague.

During the early morning hours of June 20, 2004, Ponciano drove a vehicle containing three other men to the Indianapolis home of Juan Morales and Zoila Ramirez. As Ponciano slowly drove past Morales and Ramirez's home, one of his passengers, Marco Deleon, shot six or seven bullets into the front of the home. The bullets penetrated the front doors of the home, shattered a window in the exterior door, and entered the living room, a child's bedroom, and the bathroom.

At the time of the shooting, Morales looked out a window and saw the vehicle

---

1. Ponciano does not appeal his convictions of assisting a criminal, a Class D felony, and carrying a handgun without a license, a Class A misdemeanor.

and its occupants. He recognized both the vehicle and its occupants, and he identified the men to the police. The State subsequently charged Ponciano and Deleon with criminal recklessness, a Class C felony, in addition to other charges. Both were found guilty as charged.[2]

The State asserts that Ponciano waived the issues raised in this appeal by failing to file a motion to dismiss pursuant to Ind.Code § 35–34–1–6 and by failing to raise the issues below. The State cites *Regan v. State*, 590 N.E.2d 640 (Ind.Ct. App.1992) and *Szpunar v. State*, 783 N.E.2d 1213 (Ind.Ct.App.2003).

In *Regan*, the appellant questioned the constitutionality of a criminal statute, and, citing *Payne v. State*, 484 N.E.2d 16, 18 (Ind.1985), we held that the issue was waived because the appellant failed to file a proper motion to dismiss. 590 N.E.2d at 645–46. Interestingly, in *Payne*, after noting the waiver, our supreme court addressed the issue by stating, "Nevertheless, particularly in view of the fact that the State has not raised the waiver issue, we have decided to consider the merits of the contention in this case." 484 N.E.2d at 18. In *Szpunar*, the appellant asserted that a criminal statute was unconstitutionally vague, and we held that the appellant waived the issue because it "was not properly raised in the trial court." 783 N.E.2d at 1219. However, we further held that "we choose to address this claim on its merits." *Id.*

In *Vaughn v. State*, 782 N.E.2d 417, 419 (Ind.Ct.App.2003), *trans. denied*, the appellant questioned the constitutionality of a criminal statute, and we cited a number of cases, including *Payne*, where the court acknowledged waiver but decided the case on its merits. We then decided the issue on its merits.

■ We recognize under the case law that we could decline to consider the issues raised in the instant appeal. However, because the issues are of first impression and because Ponciano has adequately addressed the issues on appeal, we will decide this appeal on its merits.

I.

■ Ponciano contends that Ind.Code § 35–42–2–2(c)(3) violates the Proportionality Clause of the Indiana Constitution because it more severely punishes the criminally reckless act of shooting from a vehicle than the criminally reckless discharge of a gun by a person who does not occupy a vehicle. He cites *Conner v. State*, 626 N.E.2d 803 (Ind.1993), in which our supreme court considered the statutory scheme whereby distributing one gram of fake marijuana was punished more severely than dealing nearly ten pounds of marijuana. The State, on the other hand, cites *Laughner v. State*, 769 N.E.2d 1147 (Ind.Ct.App.2002), *trans. denied, cert. denied*, 538 U.S. 1013, 123 S.Ct. 1929, 155 L.Ed.2d 849 (2003), in which this court held that a statute punishing solicitation of a child over the internet more severely than face-to-face solicitation did not run afoul of the Indiana Constitution. *Id.* at 1156 (holding that the legislature may have deemed solicitation over the internet to be worthy of greater punishment because use of the internet lessens inhibitions and the nature of the internet requires a greater vigilance by society).

■ The Proportionality Clause, Article I, Section 16, states that "[a]ll penalties shall be proportioned to the nature of the

---

**2.** Deleon's appeal was dismissed without prejudice so that he could pursue a *Davis* petition.

offense." The nature and extent of penal sanctions is primarily a legislative consideration, and courts must take a "highly restrained" approach in reviewing legislative penal prescriptions. *State v. Moss–Dwyer*, 686 N.E.2d 109, 111–12 (Ind.1997). A legislatively determined penalty will be deemed unconstitutional by reason of its length only if it is "so severe and entirely out of proportion to the gravity of the offense committed as 'to shock public sentiment and violate the judgment of reasonable people.'" *Teer v. State*, 738 N.E.2d 283, 290 (Ind.Ct.App.2000), *trans. denied* (quoting *Cox v. State*, 203 Ind. 544, 181 N.E. 469 (1932)). Section 16 is implicated "only when a criminal penalty is not graduated and proportioned to the nature of the offense." *Hevenor v. State*, 784 N.E.2d 937, 939 (Ind.Ct.App.2003).

Ind.Code § 35–42–2–2(b) provides, in relevant part, that a person who recklessly performs an act that creates a substantial risk of bodily injury to another person commits a Class B misdemeanor. It the conduct includes the use of a vehicle, the person commits a Class A misdemeanor. Ind.Code 35–42–2–2(c)(1). If a person commits the offense while armed with a deadly weapon, the offense is elevated to a Class D felony. Ind.Code § 35–42–2–2(c)(2). If a person commits the offense by shooting a firearm from a vehicle into an inhabited dwelling, building, or other place where people are likely to gather, the offense is elevated to a Class C felony. Ind.Code § 35–42–2–2(c)(3). At the time of sentencing in this case, the presumptive sentence for a Class D felony was 1½ years, and the presumptive sentence for a Class C felony was 4 years.[3]

In this case, Ponciano is challenging the criminal recklessness statute based upon whether a defendant may be subjected to an increased sentence if he commits criminal recklessness by shooting a firearm from a vehicle into a residence, rather than doing so by standing "on the sidewalk." Appellant's Brief at 9. Initially, we note that the criminal recklessness statute provides graduation of the criminal penalties on the basis that additional elements regarding the manner in which a person commits the offense steadily increase the chance that serious injury may arise. Furthermore, we note that the legislature could have reasonably determined that a person who shoots a firearm from a vehicle into a place where people are likely to gather commits a more dangerous and serious crime because the use of a vehicle makes it (1) less likely that the person will be identified or apprehended; (2) more likely that the offense will be committed because the person avoids identification, apprehension, and a face-to-face encounter with his intended victim; and (3) more likely that bystanders and unintended victims will suffer serious bodily injury or death because of the difficulty of aiming and discharging the firearm from a moving vehicle. In short, Ind.Code § 35–42–2–2(c)(3) does not shock public sentiment or violate the judgment of reasonable people.

## II.

Ind.Code § 35–42–2–2(c)(3) refers to shooting a firearm from a vehicle into "an inhabited dwelling or other building or place where people are likely to gather." Ponciano contends that the last portion of the subsection is unconstitutionally vague,

---

**3.** Ind.Code § 35–50–2–7 now provides that a person convicted of a Class D felony shall be imprisoned for a fixed term of 6 months to 3 years, with the advisory sentence being 1½ years. Ind.Code § 35–50–2–6 currently provides that a person who is convicted of a Class C felony shall be imprisoned for a fixed term of between 2 to 8 years, with the advisory sentence being 4 years.

and he argues that the statute would allow a shooter to be charged with a Class C felony for shooting into an empty field because an empty field is conceivably a place where "people are likely to gather." Ponciano asserts that it is hard to conceive a place where the statute would not apply.

■■■ Under the basic principles of due process, a law is void for vagueness if its prohibitions are not clearly defined. *Klein v. State,* 698 N.E.2d 296, 299 (Ind. 1998). A statute is not unconstitutionally vague if persons of ordinary intelligence would interpret it to adequately inform them of the proscribed conduct. *Bennett v. State,* 801 N.E.2d 170, 173 (Ind.Ct.App. 2003). A statute "need only inform the public of the generally proscribed conduct; it need not list with exactitude each item of conduct prohibited." *Davis v. State,* 796 N.E.2d 798, 804 (Ind.Ct.App.2003), *trans. denied.* A statute is void for vagueness only if it is vague as applied to the precise circumstances of the case at hand. *Id.*

In making his contention, Ponciano ignores the qualifier "likely." While a field can conceivably be used as a gathering place for concerts or other events, in and of itself, a field does not qualify as a place where people would likely gather. Such places include parks, school campuses, outdoor shopping areas, and amusement parks. There is no constitutional requirement that the legislature must provide an exact list of the places where people are likely to gather, and we cannot conclude, as Ponciano does, that the phrase "a place where people would likely gather" refers to all places where people could conceivably gather.

■■■ Furthermore, we note that Ind. Code § 35–42–2–2(c)(3) is not vague as applied to the precise circumstances of the case before us. Ponciano drove the vehicle while Deleon fired into Morales and Ramirez's home located in a residential area with sidewalks lining the street. The victims' home is both a dwelling and a residence, and resort to the challenged language of the statute is not necessary.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.