Ty R. SHEPLER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 43A03–0104–CR–117.

Court of Appeals of Indiana.

Nov. 20, 2001.

Michael W. Reed, Reed & Earhart Attorneys at Law, P.C., Warsaw, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Ty Shepler appeals his conviction in a bench trial for operating a vehicle with a schedule I or II controlled substance or its metabolite in his body under Indiana Code Section 9–30–5–1, a class C misdemeanor. We affirm.

### Issues

Shepler raises the following restated issues for our review:

I.   whether Indiana Code Section 9–30–5–1 violates the Equal Protection Clause of the United States Constitution.

II.  whether the statute violates substantive due process under the United States Constitution.

III. whether the statute violates the Privileges and Immunities Clause of the Indiana Constitution; and

IV.  whether the statute violates the Eighth Amendment of the United States Constitution.

### Facts

On May 9, 1999, Shepler was involved in a one-vehicle accident while operating an ATV. His blood tested positive for cocaine and marijuana, and he was charged with operating a vehicle with a schedule I or II controlled substance or its metabolite in his body under Indiana Code Section 9–30–5–1.

On October 20, 1999, Shepler filed a motion to dismiss arguing that the statute is unconstitutional. At a hearing on the motion, Ruth Hoffer, Kosciusko County Chief of Probation, testified that she has received training regarding cocaine and marijuana and their effects on the human body. She further testified that it is not possible to determine the amount of marijuana or cocaine present in a person's body because everyone reacts differently to the ingestion of substances and each person's body processes substances differently. Hoffer concluded her testimony by explaining that there is no accepted agreement as to the amount of marijuana or cocaine necessary to cause impairment. The trial court denied the motion to dismiss, and Shepler was subsequently convicted of operating a vehicle with a schedule I or II controlled substance or its metabolite in his body.

### Analysis

Indiana Code Section 9–30–5–1 provides that it is a class C misdemeanor to operate a vehicle with a schedule I or II controlled substance in the blood. The statute also provides that it is a class C misdemeanor to operate a vehicle with a blood alcohol content of .10 or greater. Shepler contends that this statute is unconstitutional for several reasons.

Whether a statute is constitutional on its face is a question of law. *State v. Moss–Dwyer*, 686 N.E.2d 109, 110 (Ind. 1997). When the issue presented on ap-

peal is a pure question of law, we review the matter de novo. *Id.* Further, legislation under constitutional attack is clothed in a presumption of constitutionality. *Matter of Tina T.*, 579 N.E.2d 48, 56 (Ind. 1991). The challenger has the burden to rebut this presumption. *Id.* All reasonable doubts must be resolved in favor of an act's constitutionality. *Id.* When a statute can be construed so as to support its constitutionality, we must adopt such a construction. *Id.*

### I. *Equal Protection*

Shepler first argues that Section 9–30–5–1 violates the Equal Protection Clause of the United States Constitution. Specifically, he contends that the statute:

> denies equal protection of the law to those persons who have metabolites of controlled substances in their blood when compared to those persons who have alcohol in their blood, as no threshold level of impairment is required of the former group as is the case with the latter group, and the distinctions in the classification and treatment of these two groups has no rational relationship to the goal sought to be accomplished.

Appellant's Brief, p. 11–12.

■ In assessing a claim under the Equal Protection Clause, our first inquiry involves the applicable level of scrutiny. *Platt v. State*, 664 N.E.2d 357, 364 (Ind.Ct. App.1996), *trans. denied, cert. denied*, 520 U.S. 1187, 117 S.Ct. 1470, 137 L.Ed.2d 683 (1997). Laws that involve a suspect classification and those that burden the exercise of fundamental rights receive the strictest scrutiny. *Id.* In order to survive strict scrutiny, a state action must be a necessary means to a compelling governmental purpose and be narrowly tailored to that purpose. *Id.*

■ Classifications not involving a suspect class or a fundamental right are reviewed under a rational basis standard. *State v. Alcorn*, 638 N.E.2d 1242, 1244 (Ind.1994). A statute can survive a rational basis scrutiny if the classification in the statute bears some rational relationship to a legitimate governmental goal. *Id.* at 1245.

■ Shepler concedes that he is not a member of a suspect class and that no fundamental rights are involved. Therefore, the State need only show that the statute bears a rational relationship to a legitimate state interest. Shepler also concedes that the State has a legitimate interest in highway safety and in keeping those likely to be impaired off of the road. *See Brown v. State*, 744 N.E.2d 989, 995 (Ind.Ct.App.2001). However, he contends there is no rational relationship between the classification in the statute and the State's interest in highway safety because the statute does not quantify the level of controlled substance necessary to cause impairment.

First, although 9–30–5–1 provides that it is a class C Misdemeanor to operate a motor vehicle with a blood alcohol content of .10 or greater, no proof of impairment is required. There is also no proof of impairment required to prove operation of a motor vehicle with a schedule I or II controlled substance or metabolite in the body.

■ Further, our review of the record reveals testimony that it is not possible to determine the amount of marijuana or cocaine present in a person's body because everyone reacts differently to the ingestion of substances and each person's body processes substances differently. Further, there is no accepted agreement as to the quantity of a controlled substance needed to cause impairment. We therefore agree with the State that it was reasonable for

the legislature to differentiate between alcohol and controlled substances and to prohibit driving with any controlled substance in the body.

The Arizona Court of Appeals reached a similar result in *State v. Phillips,* 178 Ariz. 368, 873 P.2d 706 (Ct.App.1994). In that case, Phillips challenged the constitutionality of a statute which prohibited the operation of a vehicle with a controlled substance in the body. Specifically, Phillips argued that unlike alcohol, there was no quantification established for unlawful drugs.

At trial, a toxicological expert testified that unlike the blood alcohol concentration test used to measure alcohol impairment, there is no useful indicator of impairment for drugs because they are fundamentally different from alcohol. The toxicologist further testified that there could be no meaningful quantification because of the dangers inherent in the drugs themselves and in the lack of potency predictability. Phillips presented no evidence to the contrary. In light of this testimony, the appellate court concluded as follows:

> We believe that the legislature was reasonable in determining that there is no level of illicit drug use which can be acceptably combined with driving a vehicle; the established potential for lethal consequences is too great. The state has a compelling legitimate interest in protecting the public from drivers whose ability may be impaired by the consumption of controlled substances and the legislature reasonably could have concluded that the per se prohibition embodied in section 28–692(A)(3) provided an effective deterrent to such activity. And ... the legislature could have rationally determined that the absence of a reliable indicator of impairment necessitated a flat ban on driving with any proscribed drugs in one's system....

We find this statute to be a constitutional exercise of the state's police power. *Id.* at 710.

Section 9–30–5–1 likewise does not violate the Equal Protection Clause of the United States Constitution. We believe that Indiana's Legislature reached a reasonable judgment in enacting a similar ban.

## II. *Substantive Due Process*

Shepler next contends that Section 9–30–5–1 violates substantive due process under the United States Constitution. Specifically, he argues that the statute unconstitutionally "deprives individuals of their ... substantive due process [right] ... to be free from imprisonment and other penalties imposed by arbitrary and irrational criminal laws whose means have no meaningful connection to the ends sought." Appellant's Brief, p. 7.

▇▇▇▇ Substantive due process prohibits state action that deprives one of life, liberty, or property without a rational basis for the deprivation. *Teer v. State,* 738 N.E.2d 283, 289 (Ind.Ct.App.2000), *trans. denied.* Shepler contends that there is no rational basis for the deprivation of his liberty because the statute does not quantify the amount of controlled substances necessary to cause impairment.

However, we noted in our equal protection analysis that the record contains testimony that there is no accepted toxicological agreement as to the amount of marijuana or cocaine necessary to cause impairment. The legislative decision to prohibit those with any level of controlled substances in their body from driving cannot be said to be without a rational basis. The legislature did not act arbitrarily in deciding that any person who operates a vehicle with any level of a controlled substance in their body is endangering others and should be subject to criminal charges.

Shepler's due process challenge to the statute fails.

### III. *Privileges and Immunities*

Shepler further contends that Section 9–30–5–1 violates the Privileges and Immunities clause of the Indiana Constitution. Specifically, he contends that the statute unconstitutionally

confers a privilege to those drivers who operate a vehicle with alcohol in their blood, but not the same privilege to those drivers who operate a vehicle with the metabolites of a controlled substance in their blood without basing the distinction upon some reason that is natural and substantial but is instead arbitrary and capricious.

Appellant's Brief, pp. 8–9.

Article I, Section 23 of the Indiana Constitution provides in pertinent part as follows:

The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens.

Our supreme court has held that Section 23 should be applied and interpreted independent of the Equal Protection Clause. *Collins v. Day,* 644 N.E.2d 72, 75 (Ind. 1994). Specifically, the supreme court has stated that the independent interpretation and application should revolve around the following analysis:

First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated.

*Id.* at 80. The court emphasized that in applying the two-part standard, we must give considerable deference to the legislature's balancing of the competing interests involved. *Id.*

■ As to the first prong, Shepler is correct that Section 9–30–5–1 creates different classes. Those classes are those defendants who operate a motor vehicle with alcohol in the body and those who operate a motor vehicle with a controlled substance in the body. Those who drive with controlled substances in the body are treated differently because the statute does not quantify the amount of the controlled substance necessary to cause impairment. The two classes are treated differently because there is no accepted agreement as to the amount of controlled substances necessary to cause impairment. The disparate treatment is therefore reasonably related to inherent characteristics that distinguish the unequally treated classes.

■ To satisfy the second prong of *Collins,* the preferential treatment afforded by the statute must be uniformly applicable to all persons similarly situated. 644 N.E.2d at 80. Shepler has not shown that the statute is not uniformly applied. *See Fleming v. International Pizza Supply,* 707 N.E.2d 1033, 1038 (Ind.Ct.App.1999), *trans. denied* (second-prong of *Collins* satisfied where appellant failed to show that the statute was not uniformly applied). All defendants who drive with any Schedule I or Schedule II controlled substances in their body are subject to criminal prosecution, and thus the law is uniformly applied. Accordingly, Section 9–30–5–1 does not violate the Privileges and Immunities clause of the Indiana Constitution.

### IV. *Eighth Amendment to the United States Constitution*

Lastly, Shepler contends that Section 9–30–5–1 violates the Eighth Amendment to the United States Constitution. Specifical-

ly, he contends that the statute unconstitutionally criminalizes his status as a drug user.

 Shepler is correct that an individual may not be prosecuted for mere status. *See Baker v. State*, 747 N.E.2d 633 (Ind.Ct.App.2001). In that case, Baker argued that the serious violent felon statute unconstitutionally penalized his status as a serious violent felon. We noted that Baker's status as a serious violent felon, by itself, did not provide the basis for his prosecution. *Id.* at 636. Rather, the State also had to prove that the defendant possessed a firearm. *Id.*

Here, as in *Baker*, Shepler's status as a drug user, by itself, did not provide the basis for his prosecution. Rather, the State also had to prove that he operated a vehicle with the drugs in his body. Thus, Shepler's argument is not persuasive. *See also Klein v. State*, 698 N.E.2d 296 (Ind. 1998) (rejecting a similar challenge to the gang activity statute). Section 9–30–5–1 does not violate the Eighth Amendment of the United States Constitution.

## Conclusion

Indiana Code Section 9–30–5–1 does not violate 1) the Equal Protection Clause of the United States Constitution; 2) substantive due process under the United States Constitution; 3) the Privileges and Immunities clause of the Indiana Constitution; or 4) the Eighth Amendment to the United States Constitution.

Affirmed.

MATTINGLY–MAY, J., and SULLIVAN, J., concur.