# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**CASEY C. MORGAN**
Matheny, Hahn, Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHAD E. HUCKER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 35A02-1307-CR-575 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey Heffelfinger, Judge
Cause No. 35D01-1209-CM-644

**February 26, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Chad E. Hucker appeals his convictions for operating a vehicle while intoxicated and operating a vehicle with a schedule I or II controlled substance, both Class C misdemeanors. Hucker raises a single issue for our review: whether Indiana Code section 9-30-5-1(c), which proscribes the operation of a vehicle with a schedule I or II controlled substance, violates Article 1, Section 23 of the Indiana Constitution (the "Equal Privileges and Immunities Clause"). Concluding the statute does not violate the Indiana Constitution's Equal Privileges and Immunities Clause, we affirm.

## Facts and Procedural History

On the evening of September 17, 2012, Hucker went to the Save On Liquor Store in Huntington, Indiana, to purchase alcohol. Another patron in the store, Courtney Finney, saw Hucker and noticed that he was acting peculiarly. Hucker had slow, slurred speech. He was swaying back and forth and even lost his balance and fell at one point. Hucker left the liquor store after he was refused service. Shortly after, Finney left the store and witnessed Hucker in the parking lot, where he seemed to be struggling to get into his vehicle. Finney observed Hucker sit in his car for several minutes before driving out of the parking lot and running over a curb on his way out. Finney then contacted the police to report a possible intoxicated driver.

Huntington City Police Officer Whitney Stoffel was dispatched to investigate. Upon observing Hucker's vehicle drift out of its lane and follow another vehicle too closely, Officer Stoffel initiated a traffic stop. Officer Stoffel observed signs of intoxication, and

Hucker explained that his behavior may be a result of recently taking his prescription Xanax. Hucker performed three field sobriety tests. He passed the horizontal gaze nystagmus test but failed the one leg stand and walk and turn tests. Officer Stoffel informed Hucker of the Indiana Implied Consent Law, and Hucker agreed to submit to a urinalysis test. He tested positive for benzodiazepine in excess of 1500 ng/mL and THC Metabolite of 114 ng/mL.

Hucker was charged with operating a vehicle while intoxicated and operating a vehicle with a schedule I or II controlled substance, Class C misdemeanors. A jury trial was held May 2, 2013, at which Hucker testified in his own defense. Hucker testified he had a prescription for Xanax but admitted to taking it in excess of the recommended dosage on the day of the incident. Hucker also admitted to smoking marijuana but said he last smoked marijuana two or three weeks before the incident. The jury found Hucker guilty on both counts. This appeal followed.

Discussion and Decision

I.      Standard of Review

Hucker contends Indiana Code section 9-30-5-1(c) violates the Equal Privileges and Immunities Clause of the Indiana Constitution. A statute challenged under the Indiana Constitution "stands before us clothed with the presumption of constitutionality until clearly overcome by a contrary showing." Boehm v. Town of St. John, 675 N.E.2d 318, 321 (Ind. 1996). The party challenging the constitutionality of a statute bears the burden of establishing a constitutional violation, and all doubts are resolved against that party. Id.

## II.     Article 1, Section 23[1]

The Indiana Constitution's Equal Privileges and Immunities Clause states that "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." IND. CONST. art. 1, § 23. In Collins v. Day, our supreme court conducted a thorough examination of the history, purpose, and text of Section 23. 644 N.E.2d 72, 75-81 (Ind. 1994). The court concluded Section 23 imposes two requirements on statutes that result in disparate treatment to differing classes of people: "First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated." Id. at 80. The court also noted that courts must give substantial deference to legislative discretion when considering a statute challenged under Section 23. Id.

At the outset, Hucker seems to concede that the first prong of the Collins test is satisfied, citing this court's decision in Shepler v. State, 758 N.E.2d 966, 971 (Ind. Ct. App. 2001), trans. denied, and purports to make his challenge only under the second prong of the

---

[1] The State argues that Hucker has forfeited his constitutional claim by failing to file a motion to dismiss before the trial court. Contrary authority exists as to whether a constitutional claim may be raised for the first time on appeal. Compare Morse v. State, 593 N.E.2d 194, 197 (Ind. 1992) (stating "the constitutionality of a statute may be raised at any stage of the proceeding including raising the issue *sua sponte* by this Court") with Payne v. State, 484 N.E.2d 16, 18 (Ind. 1985) (stating that "[g]enerally, the failure to file a proper motion to dismiss raising the Constitutional challenge waives the issue on appeal"). More recently, however, our supreme court has acknowledged this conflict and stated that appellate courts have discretion to address a constitutional claim on the merits, despite the possibility of forfeiture for failure to raise the issue below. See Plank v. Cmty. Hosps. of Indiana, Inc. 981 N.E.2d 49, 53-54 (Ind. 2013). We believe it is best practice to decide a case on the merits where possible, and we will do so in this case. That said, we are mindful that Hucker's brief cites factual sources never considered by the trial court and which the State had no prior

4

test.  Hucker maintains that members within the identified class are unequally treated because criminal exposure under the statute varies depending upon factors such as "the dosage taken, the preparation and route of administration, whether an individual is a chronic user, the detection limit cutoff for any specific test, the nature of the molecule or its metabolite, the ph [sic] and concentration of the individual's urine and the specific individual's metabolism." Brief of Appellant at 4.  Hucker's argument misunderstands the Collins test.  The second prong of the Collins test requires that a statute must apply equally and uniformly to all persons who share those characteristics that are the basis of the classification.  See Collins, 644 N.E.2d at 79-80.  Assuming it is proper under Section 23 to create classifications based on persons who drive with a schedule I or II controlled substance and persons who do not, Indiana Code section 9-30-5-1(c) is not unconstitutional.  As the court in Shepler correctly pointed out, "[a]ll defendants who drive with any Schedule I or Schedule II controlled substances in their body are subject to criminal prosecution, and thus the law is uniformly applied [to all members of the class]."  758 N.E.2d at 971.

The State observes, rightly, that Hucker's argument would be more properly launched under the first prong of the Collins test.  Hucker essentially argues that disparate treatment of persons driving with schedule I or schedule II controlled substances is not "reasonably related to inherent characteristics" of the users of those substances.  To Hucker, the factors noted in his brief distinguish various schedule I and schedule II controlled substances and render the statute's classification over-inclusive.  In other words, the statute treats as identical

opportunity to contest.

a number of controlled substances that have varying effects on the human body. A fair point, but one that is better placed before the General Assembly, not this court. The disparate treatment to persons who operate a vehicle with a schedule I or schedule II controlled substance is reasonably related to inherent characteristics among those persons—namely, the usage of those controlled substances causes impairment and the amount necessary to cause impairment is not easily quantifiable. See Shepler, 758 N.E.2d at 971; see also Bennett v. State, 801 N.E.2d 170, 177-78 (Ind. Ct. App. 2003). Given the "substantial deference" we must provide the General Assembly in generating such classifications, Collins, 644 N.E.2d at 80, we cannot find the statute unconstitutional under Section 23.

### Conclusion

Concluding Indiana Code section 9-30-5-1(c) does not violate Article 1, Section 23 of the Indiana Constitution, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.