**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Matheny, Hahn, Denman & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FABIAN SUAREZ GUADARRAMA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A04-1406-CR-264 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1307-FC-15

**December 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Fabian Suarez Guadarrama appeals his conviction for class D felony performing sexual conduct in the presence of a minor, arguing that the statute defining that offense, Indiana Code Section 35-42-4-5(c)(3), is unconstitutionally vague as applied to him because in his case the minor was asleep and was unaware that he was masturbating. We conclude that Guadarrama waived his argument because he failed to raise it in a motion to dismiss. Waiver notwithstanding, we also conclude that the statute is not unconstitutionally vague as applied to Guadarrama because a person of ordinary intelligence would understand that Guadarrama's conduct was prohibited. Therefore, we affirm.

**Facts and Procedural History**

On July 10, 2013, twenty-three-year-old Guadarrama lived with his fiancée Jessica Gonzalez, their baby son, and Gonzalez's twelve-year-old sister T.A. That evening, they watched a movie together in the living room. T.A. fell asleep on a futon, and Guadarrama and Gonzalez fell asleep on a mattress in the living room. Gonzalez awoke when she felt the bed shaking and realized that Guadarrama was masturbating. She also heard his cell phone making a noise.

A couple days later while T.A. was cleaning, she found the memory card to Guadarrama's cell phone and gave it to her sister. Gonzalez viewed a video recording on the memory card showing Guadarrama masturbating. She took the memory card to the police.

Bluffton Police Department Officer Greg Steele viewed the contents of the memory card, which included seven videos and fifty-five pictures from the morning of July 11, 2013.

2

The videos showed close-up shots of T.A.'s buttocks, Guadarrama touching her shorts, Guadarrama's face near her buttocks pretending to lick her, and more close-ups of T.A.'s buttocks. The photographs were close-ups of T.A.'s legs and buttocks and of Guadarrama smiling and sticking his tongue out by her buttocks. T.A. appeared to be sleeping during the videos and photographs.

The State charged Guadarrama with Count 1, class C felony child molesting, and Count 2, class D felony performing sexual conduct in the presence of a minor. At trial, Guadarrama admitted to recording himself masturbating. The videos and photographs from the memory card were shown to the jury. The jury deadlocked as to Count 1, and the trial court declared a mistrial on that count. The jury found Guadarrama guilty of Count 2. Guadarrama appeals.

**Discussion and Decision**

Guadarrama contends that Indiana Code Section 35-42-4-5(c)(3) is unconstitutionally vague as applied to him. As an initial matter, the State asserts that Guadarrama waived this argument because he did not move to dismiss the information twenty days prior to the omnibus date. *See* Ind. Code § 35-34-1-4(b)(1) (requiring that motion to dismiss defective information be filed no later than twenty days prior to the omnibus date if defendant is charged with a felony) and § 35-34-1-6(a)(3) (stating that information is defective when the statute defining the offense charged is unconstitutional). "Generally, the failure to file a proper motion to dismiss raising the Constitutional challenge waives the issue on appeal." *Payne v. State*, 484 N.E.2d 16, 18 (Ind. 1985); *see also Rhinehardt v. State*, 477 N.E.2d 89,

93 (Ind. 1985) (concluding that defendant waived constitutional vagueness challenge by failing to raise it prior to trial by timely and proper motion to dismiss); *but cf. Morse v. State*, 593 N.E.2d 194, 197 (Ind. 1992) (concluding that "the constitutionality of a statute may be raised at any stage of the proceeding including raising the issue sua sponte by this Court"). We agree with the State that Guadarrama waived his constitutional vagueness argument.

Waiver notwithstanding, Guadarrama's argument fails. Statutes are presumed constitutional. *Shepler v. State*, 758 N.E.2d 966, 969 (Ind. Ct. App. 2001), *trans. denied* (2002). The party challenging the statute bears the burden of rebutting this presumption. *Id*.

> Due process principles advise that a penal statute is void for vagueness if it does not clearly define its prohibitions. A criminal statute may be invalidated for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement. A related consideration is the requirement that a penal statute give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden so that no [person] shall be held criminally responsible for conduct which he [or she] could not reasonably understand to be proscribed. ….
>
> But a statute is not void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them of the generally proscribed conduct.

*Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007) (citations and quotation marks omitted).

Indiana Code Section 35-42-4-5(c)(3) provides in relevant part,

> [A] person eighteen (18) years of age or older who knowingly or intentionally … touches or fondles the person's own body *in the presence of* a child less than fourteen (14) years of age with the intent to arouse or satisfy the sexual desires of … the older person commits performing sexual conduct in the presence of a minor.

4

(Emphasis added.) Guadarrama argues that "presence" requires awareness on the part of the child and that in his case T.A. was asleep and unaware that he was masturbating.

We addressed a similar challenge to the constitutionality of Section 35-42-4-5(c)(3) in *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008). There, Baumgartner masturbated as he stood in the doorway of his bedroom looking into a bedroom across the hall where two children, ages two and three, were in bed. The children may have been awake, but there was no evidence that they were aware of what Baumgartner was doing. The *Baumgartner* court rejected his constitutional vagueness challenge, concluding that a person of ordinary intelligence would have no difficulty in determining that his behavior was prohibited by statute. *Id*. at 1137.

Guadarrama contends that in *Baumgartner* the children were awake, whereas in his case, T.A. was asleep and there is no dispute that she was unaware of his sexual conduct. We do not find this distinction significant. The *Baumgartner* court concluded that Section 35-42-4-5(c)(3) was not unconstitutional as applied to Baumgartner's conduct despite its knowledge that there was no evidence that the children were aware of his sexual conduct. In fact, Baumgartner also challenged the sufficiency of the evidence, arguing that he did not touch or fondle himself "in the presence" of a child because there was no evidence that the children were aware of his conduct. The *Baumgartner* court rejected that argument, observing that "'presence' is defined as 'the fact or condition of being present.'" *Id*. at 1138 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1793 (1976)). The *Baumgartner* court concluded that "the statute here does not require that the defendant's conduct be witnessed by

5

the child or that the child be aware of the defendant's conduct. Instead, it simply requires that a child under the age of fourteen be at the place where the defendant's conduct occurs."[1]

*Id.*

Section 35-42-4-5(c)(3) proscribes a person from fondling or touching his or her own body in the presence of a child with the intent to arouse or satisfy his or her sexual desire. We have no difficulty concluding that a person of ordinary intelligence would understand that the statute prohibits a person from masturbating in the same room as a child under the circumstances present in this case. We therefore conclude that Section 35-42-4-5(c)(3) is not unconstitutionally vague as applied to Guadarrama. Accordingly, we affirm his conviction.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

[1] Guadarrama argues that "presence" requires awareness for purposes of the execution of wills and direct contempt of court and that "presence" should have the same meaning for sexual conduct in the presence of a minor. Those situations are substantially different from this one, and the reasons for requiring awareness in those situations are not present here. Therefore, we are unpersuaded by his argument. Also, in light of our decision in *Baumgartner*, we are unpersuaded by Guadarrama's reliance on out-of-state case regarding "presence" and "awareness."

6