## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 17 2017, 7:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kenneth I. Sondik
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clinton Bryan Davis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 17, 2017<br><br>Court of Appeals Case No.<br>29A02-1607-CR-1620<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable William J. Hughes,<br>Judge<br><br>Trial Court Cause No.<br>29D03-1411-F3-9175 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Clinton B. Davis (Davis), appeals his status as a sex or violent offender following his conviction for criminal confinement, a Level 5 felony, Ind. Code § 35-42-3-3(b)(1)(C).

We affirm.

# ISSUE

Davis raises one issue on appeal, which we restate as follows: Whether Davis' obligation to register as a sex or violent offender is contrary to due process.

# FACTS AND PROCEDURAL HISTORY

On the afternoon of November 7, 2014, fifteen-year-old K.F. II and three of his friends from school—B.S., B.H., and H.S.—were socializing and listening to music at K.F. II's house, located at 2019 State Road 32 West in Westfield, Hamilton County, Indiana. At approximately 1:00 p.m., K.F. II heard loud knocking at the front door. Before he had an opportunity to answer the door, however, a family friend, Bryan Davis (Bryan), and his two adult sons, Christopher Davis (Christopher) and Davis, entered the home. A few months earlier, Bryan had loaned $5.00 to K.F. II, and he directed Christopher and Davis to collect payment from K.F. II.

K.F. II indicated that he might have some money in his bedroom, where B.S., B.H. and H.S. were congregated, and Christopher and Davis followed him as he went to retrieve it. Once in K.F. II's bedroom, Christopher and Davis

demanded their father's money, but K.F. II did not have the full amount. Angry over the shortage, Christopher and Davis each punched K.F. II in the face. The second punch, from Christopher, caused K.F. II to fall to the floor as K.F. II's friends watched in fear, unable to leave the room. Christopher then held K.F. II in a chokehold as Davis repeatedly hit and kicked him in the face. At some point, Christopher threatened that he would kill K.F. II if he did not pay back the $5.00. Christopher finally released K.F. II, and the three men left the house after a neighbor intervened and after K.F. II's father promised to resolve the debt. K.F. II sustained "significant abrasions and swelling to his face, particularly around his left eye." (Tr. Vol. II, p. 5).

[6] On November 10, 2014, the State filed an Information, charging Davis with Count I, robbery resulting in bodily injury, a Level 3 felony, I.C. § 35-42-5-1(1); Count II, burglary resulting in bodily injury, a Level 3 felony, I.C. § 35-43-2-1(2); Count III, criminal confinement resulting in bodily injury, a Level 5 felony, I.C. § 35-42-3-3(b)(1)(C); Count IV, intimidation, a Level 6 felony, I.C. § 35-45-2-1(a)(1),(b)(1)(A); and Count V, residential entry, a Level 6 felony, I.C. § 35-43-2-1.5. On June 2-3, 2015, the trial court conducted a jury trial. At the close of the evidence, the jury returned a verdict of guilty for Count III, criminal confinement as a Level 5 felony. On all other charges, the jury found Davis not guilty. The trial court entered judgments of conviction and acquittal in accordance with the jury's verdict. On June 29, 2015, the trial court held a sentencing hearing. The trial court imposed a sentence of five years, with two

years executed in the Indiana Department of Correction, one year executed in Community Corrections, and two years suspended to probation.

[7] In approximately March of 2016, Davis discovered that, by virtue of being convicted of criminal confinement of a minor, he would be required to register and report in accordance with Indiana's Sex Offender Registration Act (SORA). As such, on June 16, 2016, Davis filed a petition to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2(1), which the trial court granted on June 22, 2016. Davis now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Davis challenges the constitutionality of the SORA, claiming in particular that his classification as a "sex offender" for the commission of a non-sexual offense violates his due process rights.[1] (Appellant's Br. p. 8). When considering the constitutionality of a statute, "we presume that the statute is valid and place a heavy burden on the challenger, who must clearly overcome that presumption." *Gibson v. Ind. Dep't of Correction*, 899 N.E.2d 40, 49 (Ind. Ct. App. 2008), *trans.*

---

[1] Davis acknowledges that he did not raise this issue before the trial court. "Contrary authority exists as to whether a constitutional claim may be raised for the first time on appeal," with certain case law indicating that the constitutionality of a statute may be raised at any stage of the proceeding and other authority indicating that the failure to properly raise a constitutional challenge via a motion to dismiss waives the matter for appeal. *Hucker v. State*, 4 N.E.3d 797, 799 n.1 (Ind. Ct. App. 2014) (citing *Morse v. State*, 593 N.E.2d 194, 197 (Ind. 1992), and *Payne v. State*, 484 N.E.2d 16, 18 (Ind. 1985)). Nevertheless, in 2013, the Indiana Supreme Court "acknowledged this conflict and stated that appellate courts have discretion to address a constitutional claim on the merits, despite the possibility of forfeiture for failure to raise the issue below." *Id.* (citing *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53-54 (Ind. 2013)). We elect to resolve the current matter on its merits.

*denied*. "All reasonable doubts must be resolved in favor of the statute's constitutionality." *Id.* The Indiana General Assembly "has wide latitude in determining public policy." *Id.* (citing *Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind. 1996)). As such, our court does not "substitute [its] beliefs as to the wisdom of a particular statute for [that] of the Legislature, a more politically responsive branch of government." *Id.* (citing *King v. S.B.*, 837 N.E.2d 965, 971 (Ind. 2005)). More specifically, "'[a] statute is not unconstitutional simply because the court might consider it born of unwise, undesirable, or ineffectual policies.'" *Id.* (alteration in original) (quoting *State v. Rendleman*, 603 N.E.2d 1333, 1334 (Ind. 1992)).

[9]     The SORA, Indiana Code chapter 11-8-8, governs the registration requirements of individuals who have been convicted of certain offenses. Prior to 2007, the SORA consisted of "a 'sex offender registry' for enumerated 'sex offenses.'" *Marlett v. State*, 878 N.E.2d 860, 868 (Ind. Ct. App. 2007), *trans. denied*. However, "the General Assembly amended the laws regarding the [r]egistry so that it [now] includes 'violent' as well as 'sex' offenses." *Id.* Accordingly, individuals who reside in Indiana and who are considered to be a "sex or violent offender" must "register with the local law enforcement authority in the county" where the sex or violent offender resides, is employed, and/or is enrolled as a student." I.C. § 11-8-8-7(b)-(d). The registration information provided to local law enforcement is maintained on a "sex and violent offender registry web[]site" in order to "inform the general public about the identity,

location, and appearance of every sex or violent offender" residing within Indiana. I.C. § 36-2-13-5.5(a).

[10] Pursuant to Indiana Code section 11-8-8-5(a)(12), a "sex or violent offender" includes a person convicted of criminal confinement, "if the victim is less than eighteen (18) years of age, and the person who confined or removed the victim is not the victim's parent or guardian." Here, it is undisputed that Davis was convicted of criminal confinement, a conviction which he does not challenge, and the victim, K.F. II, was fifteen years old at the time of the confinement. Thus, Davis is automatically classified as a sex or violent offender and will be required to register as such. According to Davis, in Indiana, "an offender can be guilty of criminal confinement even where confinement was not his purpose or intention." (Appellant's Br. p. 11). Thus, he insists that "Indiana's criminal confinement statute casts such a wide net such that defining anyone convicted thereunder as a sex offender whenever the victim is a minor is not reasonably related to the government's legitimate interest in protecting the public against sex offenders." (Appellant's Br. p. 11).

[11] The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." In this case, Davis has raised a substantive due process claim. "Substantive due process prohibits state action that deprives one of life, liberty, or property without a rational basis for the deprivation." *Teer v. State*, 738

N.E.2d 283, 289 (Ind. Ct. App. 2000), *trans. denied*.[2]  "In order to conform with substantive due process, a law that does not impact a fundamental right must only bear a rational relationship to a legitimate state interest."  *Marlett*, 878 N.E.2d at 869.

[12]  Here, Davis "concedes that his interest in not being mislabeled as a sex offender does not impinge on a 'fundamental right.'" (Appellant's Br. p. 8).  Davis primarily relies on case law from outside jurisdictions to support his contention that "classifying individuals convicted of offenses lacking a sexual element is *not* rationally related to the government interest in protecting the public from child predators and the like." (Appellant's Br. p. 9).  However, our court has already addressed the issue at hand.  In *Marlett*, 878 N.E.2d at 868, after the defendant was convicted of criminal confinement of a minor, he challenged the constitutionality of the SORA based on the fact that he committed "a crime that did not have an overt sexual component."  We stated that "[s]everal courts have found requiring a defendant to be placed on an offender registry for committing the equivalent of criminal confinement of a minor [meets] [the rational basis] test." *Id.* at 869.  Because the SORA "now includes 'violent' as well as 'sex' offenses[,]" we concluded that there was no basis to reject those holdings and held that there was no constitutional violation for labeling the defendant as a

---

[2]  We note that Davis has not set forth a constitutional basis for his argument.  However, because he relies on federal cases to discuss rational basis review, we will presume that his due process argument pertains to the federal Constitution and find that he has waived any due process claim under Article 1, Section 12 of the Indiana Constitution.  *See* Ind. Appellate Rule 46(A)(8)(a).

sex or violent offender as a result of his conviction for criminal confinement of a minor. *Id.*

[13] Similarly, despite his contention that he will be labeled as a "sex offender" under Indiana Code section 11-8-8-4.5(a)(12), we find that Davis' crime is clearly "characterized as 'violent,' rather than 'sexual.'" *Id.* at 868-69; *see* I.C. § 11-8-8-5(a)(12).[3] The evidence establishes that, along with his brother, Davis confined K.F. II as he repeatedly hit and kicked him in the face—all in an effort to collect a $5.00 debt. Thus, requiring Davis to register is rationally related to the State's interest in notifying and protecting the public from violent offenders.

## CONCLUSION

[14] Based on the foregoing, we conclude that Davis' obligation to register as a sex or violent offender does not run afoul of due process; therefore, the SORA is not unconstitutional as applied to him.

[15] Affirmed.

[16] Crone, J. and Altice, J. concur

---

[3] We do recognize that Indiana Code section 11-8-8-4.5, which defines "sex offender[s]," and Indiana Code section 11-8-8-5, which defines "sex or violent offender[s]," contain nearly identical lists of crimes. As such, under Indiana Code section 11-8-8-4.5(a)(12), an individual is a "sex offender" if convicted of criminal confinement of a minor, and under Indiana Code section 11-8-8-5(a)(12), an individual is a "sex or violent offender" if convicted of criminal confinement of a minor. While this does not change our holding—as the fact remains that Davis is a violent offender subject to registration—we do note that it would be the role of the General Assembly, rather than our court, to consolidate or clarify these statutes.